# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
    **Plaintiff,**

  v.                                                 **Case No. 10-CR-75**

**JOHNNY SANTIAGO**
    **Defendant.**

## DECISION AND ORDER

Defendant Johnny Santiago pleaded guilty to theft of public money, contrary to 18 U.S.C. § 641, and on September 2, 2010, I sentenced him to 2 years probation with conditions including 180 days of home confinement and 50 hours of community service work per year (for a total of 100 hours), along with a $5000 fine. The charge arose out of a federal investigation into the theft of cash by law enforcement officers, pursuant to which the FBI placed a large amount of money in a vacant store front. A hidden video camera captured defendant, then a special agent with the Wisconsin Department of Justice, take some of the money.

On October 19, 2011, defendant requested early termination of his probation. I directed the government to respond, and on November 7, 2011, the government filed an objection to the request. I afforded defendant a chance to reply, but he has not done so.

**I.**

Under 18 U.S.C. § 3564(c),

> The court, after considering the factors set forth in section 3553(a) to the extent that they are applicable, may, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, terminate a term of probation previously ordered and discharge the defendant at any time in the case of a misdemeanor or an infraction or at any time after the expiration of one year

> of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice.

In felony cases such as this one, the statute permits early termination if the defendant has served at least one year of probation, the government is given notice and an opportunity to be heard, and termination is in the interest of justice based on the pertinent 18 U.S.C. § 3553(a) factors and the defendant's conduct. Defendant Santiago has been on probation for more than one year, and the government has been afforded a chance to respond. The issue is thus whether early termination would be in the interest of justice.

The district court possesses wide discretion in making this determination. See United States v. Hook, 471 F.3d 766, 771 (7th Cir. 2006). However, in considering such requests courts have generally required more than mere compliance with the rules of supervision. "Otherwise, every defendant who avoided revocation would be eligible for early termination." United States v. Echoles, No. 09-CR-140, 2010 WL 2985649, at *2 (E.D. Wis. July 26, 2010). "Instead, termination is generally granted only in cases with a new or unforeseen circumstance, such as where the defendant's conditions unreasonably impede his rehabilitation or where the defendant's behavior has been exceptionally good." United States v. Busch, No. 05-CR-218, 2007 WL 2572335, at *1 (E.D. Wis. Sept. 6, 2007) (citing United States v. Caruso, 241 F. Supp. 2d 466, 468-69 (D.N.J. 2003); see also United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997); United States v. Medina, 17 F. Supp. 2d 245, 246-47 (S.D.N.Y. 1998)). The defendant bears the burden of demonstrating that early termination is warranted. See, e.g., United States v. Dilullo, No. 08-0761, 2011 WL 665623, at *1-2 (E.D. Pa. Feb. 23, 2011); United States v. Tedesco, No. 09-979-M, 2010 WL 5249822, at *1 (E.D. Pa. Dec. 22, 2010); see also United States v. Weber, 451 F.3d 552, 559 n.9 (9th Cir. 2006).

**II.**

In his letter-request, defendant indicates that he has completed the 100 hours of mandated community service, paid his fine in full, and followed all of the rules, with no violations or negative contact with law enforcement. He further indicates that he is employed full time and attends church regularly.

Defendant is to be commended for his compliance, but the court expects as much of persons on supervision, see United States v. O'Hara, No. 00-CR-170, 2011 WL 4356322, at *3 (E.D. Wis. Sept. 16, 2011), and defendant fails to show that his conduct has been exceptionally good. Nor, as the government notes, does defendant make any claim that the conditions of probation impede his employment, rehabilitation, or impose any other undue hardship. Finally, I cannot conclude that early termination would be consistent with the applicable § 3553(a) factors. As I noted at the original sentencing, corruption offenses such as this one erode confidence and trust in law enforcement, and I seriously considered a prison sentence in order to promote respect for the law and provide general deterrence. Ultimately, I concluded that, given the other factors in the case, prison was not necessary. However, to now grant early termination of the probationary sentence would be inappropriate.

**III.**

**THEREFORE, IT IS ORDERED** that defendant's request for early termination (R. 24) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 30th day of November, 2011.

/s Lynn Adelman

_____
LYNN ADELMAN
District Judge